```
                BEFORE THE UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF NORTH CAROLINA


UNITED STATES OF AMERICA,      )
                               )
v.                             )   No. 5:08-CR-262-1-D
                               )
FERNANDO MIGUEL NUNEZ,         )
                               )
         Defendant.            )


              Plea to Criminal Information Before

                  Honorable James C. Dever III

                United States District Court Judge


AT RALEIGH:                         MONDAY, OCTOBER 6, 2008




                         Volume 1 of 1

                       Pages 1 through 19
```

*Kay McGovern & Associates*

Suite 117, 314 West Millbrook Road   Raleigh, NC 27609-4380
(919) 870-1600 CFAX 870-1603 C(800) 255-7886

**A P P E A R A N C E S**

ON BEHALF OF THE Government:

George E.B. Holding
United States Attorney
By:   Jane J. Jackson
      Assistant United States Attorney
Office of the United States Attorney
Eastern District of North Carolina
800 Terry Sanford Federal Building
310 New Bern Avenue
Raleigh, North Carolina   27601-1461
(919) 856-4530
jane.jackson@usdoj.gov

ON BEHALF OF THE DEFENDANT:

Rudolph A. Ashton, III, Esquire
McCotter, Ashton & Smith, P.A.
Suite 10, 3515 Trent Road
Post Office Box 12800
New Bern, North Carolina   28561-2800
(252) 635-1005
raashton@newbernjustice.com

**KAY McGOVERN & ASSOCIATES**                                **(919) 870-1600**
Suite 117, 314 West Millbrook Road                            FAX  870-1603
Raleigh, North Carolina  27609-4306                           (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 2 of 19

```
 1              P R O C E E D I N G S        11:39 a.m.
 2         (This cause came on for hearing before Honorable
 3         James C. Dever III, United States District Court
 4         Judge, at Raleigh, North Carolina, Monday, October
 5         6, 2008 at 11:39 a.m.)
 6         The Court:    Ms. Jackson, is the Government ready
 7  to proceed?
 8         Ms. Jackson:  Yes, we are, Your Honor.  Thank you.
 9         The Court:    Mr. Ashton, are you and Mr. Nunez
10  ready to proceed?
11         Mr. Ashton:   Just one moment, Your Honor.  We're
12  looking at the waiver of indictment.
13         The Court:    Okay.
14         (Pause.)
15         Mr. Ashton:   We're ready to proceed, Your Honor.
16         The Court:    At this time I'd like to have Mr.
17  Nunez sworn or have him affirmed.
18         (Whereupon,
19                   FERNANDO MIGUEL NUNEZ
20  was called as a witness, duly sworn, and testified as
21  follows:)
22              E X A M I N A T I O N        11:41 a.m.
23         By The Court:
24    Q    Mr. Nunez, do you understand that having been
25  sworn, your answers to my questions are subject to the
```

**KAY McGOVERN & ASSOCIATES**  (919) 870-1600
Suite 117, 314 West Millbrook Road  FAX 870-1603
Raleigh, North Carolina  27609-4306  (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 3 of 19

1 penalty of perjury?
2     A     Yes, Your Honor.
3     Q     Please tell me your full name.
4     A     Fernando Miguel Nunez.
5     Q     And how old are you, sir?
6     A     I'm 25.
7     Q     How far did you go in school?
8     A     Tenth grade, Your Honor.
9     Q     And you are able to speak and understand English;
10 correct?
11     A     Yes, Your Honor.
12     Q     And did you hear me this morning when I described
13 all of the rights you have under the constitution and laws of
14 the United States?
15     A     Yes, Your Honor.
16     Q     And did you hear all those other questions I asked
17 the defendants as a group?
18     A     Yes, Your Honor.
19         The Court:     All right. Mr. Ashton, do you have
20 any reason to doubt Mr. Nunez' competence to go forward here
21 today?
22         Mr. Ashton:     No, Your Honor.
23         The Court:     Ms. Jackson, do you have any reason
24 to doubt Mr. Nunez' competence to go forward today?
25         Ms. Jackson:     No, Your Honor.

**KAY McGOVERN & ASSOCIATES**     **(919) 870-1600**
Suite 117, 314 West Millbrook Road     FAX 870-1603
Raleigh, North Carolina 27609-4306     (800) 255-7886

Case 5:08-cr-00262-D     Document 41     Filed 08/19/09     Page 4 of 19

 1　　　　　The Court:　All right.  Let the record reflect
 2　that based upon the Court's observations of Mr. Nunez, Mr.
 3　Nunez' answers to the Court's questions, and the answers of
 4　counsel, the Court finds that Mr. Nunez is competent to go
 5　forward here today.
 6　　　　　By The Court:
 7　　Q　Mr. Nunez, it is the Court's understanding that
 8　you've come here today intending to enter a plea of guilty to
 9　a criminal information to be filed by the United States
10　Attorney's Office; is that correct?
11　　A　Yes, Your Honor.
12　　Q　I'm going to inform you of the nature of the
13　charges against you and advise you of the maximum penalty
14　that applies to each charge.  After you are so informed,
15　you'll be asked how do you plead, either guilty or not guilty
16　to the charge.
17　　　　　If you plead guilty to a charge, I'll ask you a few
18　more questions to be sure that a guilty plea truly derives
19　from your own free will, has a factual basis, and to
20　determine if the Court in its discretion should accept your
21　plea of guilty.
22　　　　　You are charged in a criminal information filed by
23　the United States Attorney.  The charge is that on or about
24　August 14th, 2007 in the Eastern District of North Carolina
25　you did knowingly and intentionally possess with the intent

**KAY McGOVERN & ASSOCIATES**　　　　　　　　**(919) 870-1600**
Suite 117, 314 West Millbrook Road　　　　　　　FAX 870-1603
Raleigh, North Carolina  27609-4306　　　　　　(800) 255-7886

Case 5:08-cr-00262-D　Document 41　Filed 08/19/09　Page 5 of 19

```
 1  to distribute more than 100 kilograms of marijuana, a
 2  Schedule I controlled substance, in violation of 21 U.S.C.
 3  Section 841(a)(1).  Do you understand the charges against
 4  you, sir?
 5       A    Yes, Your Honor.
 6       Q    All right.  With respect to the penalties of that
 7  offense, the Court advises you as follows:  the maximum term
 8  of imprisonment is 40 years.  The minimum term of imprison-
 9  ment is five years.  The maximum term of supervised release
10  is five years.  The minimum term of supervised release is
11  four years.
12            The maximum fine is $2 million.  You may be ordered
13  to pay restitution.  You will be ordered to pay a special
14  assessment of $100.  Do you understand all the maximum--
15  excuse me.  Do you understand the cost of the penalties
16  associated with this offense?
17       A    I do, Your Honor.
18       Q    Do you understand all the possible consequences of
19  pleading guilty that we've talked about here today?
20       A    Yes, Your Honor.
21       Q    Do you understand you have to waive or give up all
22  the trial related rights that I've talked about before you
23  can plead guilty?
24       A    Yes, Your Honor.
25       Q    All right.  Have you discussed with your lawyer the
```

**KAY McGOVERN & ASSOCIATES**     **(919) 870-1600**
Suite 117, 314 West Millbrook Road     FAX 870-1603
Raleigh, North Carolina  27609-4306     (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 6 of 19

1 charge in the criminal information to which you intend to
2 plead guilty?
3     A    Yes, Your Honor.
4     Q    Do you understand that if you were to go to trial
5 on that charge, the Government would have to prove through
6 competent evidence and beyond a reasonable doubt what it says
7 in that criminal information?  Do you understand that?
8     A    Yes, Your Honor.
9     Q    Have you discussed with your lawyer the now
10 advisory sentencing guidelines and the sentencing factors
11 under Section 3553(a) and how they may impact your sentence?
12     A    Yes, Your Honor.
13     Q    Do you understand that your attorney's estimate of
14 the advisory guideline range is simply his best estimate,
15 that it's up to the Court to determine the advisory guideline
16 range?
17     A    Yes, Your Honor.
18     Q    Do you also understand that even if your lawyer has
19 given you an estimate of a range of what your sentence might
20 be, it's up to the Court to determine what your sentence
21 actually will be?  Do you understand that?
22     A    Yes, Your Honor.
23     Q    You've entered into a written plea agreement;
24 correct?
25     A    Yes, Your Honor.

**KAY McGOVERN & ASSOCIATES** (919) 870-1600
Suite 117, 314 West Millbrook Road FAX 870-1603
Raleigh, North Carolina 27609-4306 (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 7 of 19

**1**    Q    Now, in connection with your case, has anyone
**2**  threatened you or anyone else or coerced you in any way to
**3**  plead guilty?
**4**    A    No, Your Honor.
**5**    Q    All right.  With respect to the plea agreement, I
**6**  need you to look at the very last page of that agreement--I
**7**  think it's page 9--and tell me whether you signed that
**8**  agreement, sir.
**9**         (Witness peruses document.)
**10**   A    Yes, Your Honor.
**11**   Q    Did you read and discuss this entire plea agreement
**12** with your lawyer before you signed it?
**13**   A    Yes, Your Honor.
**14**   Q    Does this written plea agreement constitute in its
**15** entirety the whole agreement you have with the Government
**16** about resolving your case?
**17**   A    Yes, Your Honor.
**18**   Q    Do you understand each term in the plea agreement?
**19**   A    Yes, Your Honor.
**20**   Q    We need to go over one term in particular.  It's
**21** paragraph 2(c).  You agree to the following:
**22**        "to waive knowingly and expressly the right to
**23**         appeal whatever sentence is imposed on any ground,
**24**         including any appeal pursuant to 18 U.S.C. Section
**25**         3742, reserving only the right to appeal from a

**KAY McGOVERN & ASSOCIATES**                    **(919) 870-1600**
Suite 117, 314 West Millbrook Road              FAX 870-1603
Raleigh, North Carolina  27609-4306             (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 8 of 19

```
 1            sentence in excess of the advisory guideline range
 2            that is established at sentencing.
 3                 You further waive all rights to contest the
 4            conviction or sentence in any postconviction
 5            proceeding, including one pursuant to 28 U.S.C.
 6            Section 2255, excepting the defendant's right to
 7            appeal based upon grounds of ineffective assistance
 8            of counsel or prosecutorial misconduct not known to
 9            the defendant at the time of defendant's guilty
10            plea.  The foregoing appeal waiver does not
11            constitute or trigger a waiver by the Government of
12            any of its rights to appeal provided by law."
13            Do you understand the appellate rights you're
14 giving up in that paragraph?
15      A    Yes, Your Honor.
16      Q    Has anyone made any promise to you that's made you
17 decide to plead guilty?
18      A    No, Your Honor.
19      Q    With respect to sentencing, do you understand that
20 if you enter a plea of guilty as charged, the Court could
21 impose the maximum penalty authorized by law as your
22 sentence?
23      A    I do, Your Honor.
24      Q    Do you understand that if the Court were to impose
25 such a maximum penalty sentence, you are not going to be
```

**KAY McGOVERN & ASSOCIATES**   (919) 870-1600
Suite 117, 314 West Millbrook Road   FAX 870-1603
Raleigh, North Carolina 27609-4306   (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 9 of 19

```
 1  allowed to withdraw your plea of guilty?
 2       A    I do, Your Honor.
 3       Q    Has anyone made any promise to you as to what your
 4  sentence would be?
 5       A    No, Your Honor.
 6       Q    All right.  And you understand this is a felony
 7  offense?
 8       A    Yes, Your Honor.
 9       Q    You understand the maximum penalty authorized by
10  law for this offense?
11       A    Yes, Your Honor.
12       Q    You understand that by pleading guilty to this
13  felony offense you may be deprived of certain valuable civil
14  rights, such as the right to vote?
15       A    I do, Your Honor.
16       Q    Do you understand your right to have a grand jury
17  consider your case, and are you prepared to waive that right
18  here in open court?
19       A    Yes, Your Honor.
20            The Court:    All right.  Mr. Ashton has a form
21  for you to review and sign and hand up.
22            Mr. Ashton:    We've reviewed it and he has signed
23  it.  May I approach?
24            The Court:    You may approach.
25            (Document handed up to bench.)
```

**KAY McGOVERN & ASSOCIATES**     **(919) 870-1600**
Suite 117, 314 West Millbrook Road     FAX 870-1603
Raleigh, North Carolina 27609-4306     (800) 255-7886

Case 5:08-cr-00262-D    Document 41    Filed 08/19/09    Page 10 of 19

1     The Court:    All right.  The Court has reviewed
2  the waiver of indictment form that Mr. Nunez has signed here
3  in open court and finds it to be order.
4     By The Court:
5     Q    Mr. Nunez, do you understand that right now, at
6  this very moment, you still have the right to plead not
7  guilty?
8     A    I do, Your Honor.
9     Q    Do you understand if you were to plead not guilty,
10 you would be afforded all of those trial related rights that
11 we've talked about here today?
12    A    Yes, Your Honor.
13    Q    Do you also understand, sir, that if you plead
14 guilty here in a moment and the Court accepts that plea, then
15 there will not be a trial?
16    A    Yes, Your Honor.
17    Q    Instead you have waived or given up all those trial
18 related rights that we've talked about.  Do you understand
19 that?
20    A    I do, Your Honor.
21    Q    Mr. Nunez, have you answered all of my questions
22 truthfully today?
23    A    Yes, Your Honor.
24    Q    All right.  I'm going to ask you how you plead now,
25 and the charge is as follows:  that on or about August 14th,

**KAY McGOVERN & ASSOCIATES**                         **(919) 870-1600**
Suite 117, 314 West Millbrook Road                    FAX  870-1603
Raleigh, North Carolina  27609-4306                   (800) 255-7886

Case 5:08-cr-00262-D    Document 41    Filed 08/19/09    Page 11 of 19

1   2007 in the Eastern District of North Carolina you did
2   knowingly and intentionally possess with the intent to
3   distribute more than 100 kilograms of marijuana, a Schedule I
4   controlled substance, in violation of federal 21 U.S. Code
5   Section 841(a)(1).  How do you now plead to that charge, sir,
6   guilty or not guilty?
7        A    Guilty as charged, Your Honor.
8        Q    Did you do what's charged in the information, sir?
9        A    Yes, Your Honor.
10       Q    Then you are in fact guilty as charged of that
11  offense, sir?
12       A    Yes, Your Honor.
13            The Court:    Thank you, Mr. Nunez.  You may have
14  a seat.  At this time, Ms. Jackson, if you could make a
15  proffer as to what the evidence would show so the Court may
16  determine whether there is in fact a factual basis for the
17  plea.
18            Ms. Jackson:   Thank you, Your Honor.  On August
19  the 14th of 2007, Officer Chad Coffee, who is with the
20  Granville County Sheriff's Department, was on routine patrol.
21  He was working the area of U.S. Highway 15 in Creedmoor,
22  North Carolina.
23            He encountered a vehicle that had been speeding, so
24  he went ahead and stopped it.  The driver of the vehicle was
25  a person by the name of Phillip Morgan.  One of the

**KAY McGOVERN & ASSOCIATES**                          **(919) 870-1600**
Suite 117, 314 West Millbrook Road                      FAX 870-1603
Raleigh, North Carolina  27609-4306                     (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 12 of 19

1 passengers in the vehicle was the defendant. The driver
2 appeared overly nervous, and so the officer went ahead and
3 asked the driver if he could search the vehicle.
4     The evidence would show that once he searched the
5 vehicle, the officer found nine cardboard boxes containing
6 approximately 901 pounds of marijuana. The evidence would
7 show that the marijuana load was picked up in Laredo, Texas.
8 The marijuana was on its way to a guy by the name of David
9 Jones in Oxford, North Carolina.
10     The defendant, Mr. Nunez, had traveled from
11 California to make sure that the deal went through. The
12 evidence would show again, Your Honor, that the marijuana was
13 in fact marijuana, and that it was in excess of 100 kilograms
14 and was possessed with the intent to distribute it.
15     The Court: And you said he was a passenger in
16 the car?
17     Ms. Jackson: Yes, Your Honor. The defendant was
18 in the car and there was another passenger, and again, the
19 driver, who consented to the search. Again, they were
20 transporting this load to another person who was waiting for
21 the load in Oxford, North Carolina. The load, again, was
22 picked up in Texas.
23     And the defendant's--part of his role in this was
24 to make sure that the deal went through. The evidence would
25 show that he had traveled from California to make sure that

**KAY McGOVERN & ASSOCIATES** **(919) 870-1600**
Suite 117, 314 West Millbrook Road FAX 870-1603
Raleigh, North Carolina 27609-4306 (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 13 of 19

1 that happened.
2           The Court:     Okay.
3           Ms. Jackson:   Thank you.
4           The Court:     All right.  Mr. Nunez, based on the
5  Government's summary and your acknowledgement that you are in
6  fact guilty as charged in the criminal information, and
7  because you know your right to a trial and what the maximum
8  possible punishment is, and because you voluntarily pleaded
9  guilty, the Court will accept your plea of guilty to the
10 charge contained in the information.
11          Let the record reflect that the Court is satisfied
12 that the plea was freely and voluntarily entered.  At the
13 time it was entered the defendant was fully competent and had
14 a full and complete understanding of the nature of the
15 charges against him and the maximum penalties provided by
16 law.
17          The plea is supported by an independent basis in
18 fact containing each essential element of the offense.  The
19 defendant's plea is accepted and he is adjudged guilty of the
20 charge contained in the criminal information.
21          The matter is set for sentencing here in the
22 January 26 term of court.  Immediately following the hearing
23 your lawyer will contact the probation officer present in the
24 courtroom to arrange for your interview, hopefully sometime
25 today, but certainly within three business days.

**KAY McGOVERN & ASSOCIATES**  (919) 870-1600
Suite 117, 314 West Millbrook Road  FAX 870-1603
Raleigh, North Carolina  27609-4306  (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 14 of 19

1         That interview relates to preparing the presentence
2 report.  You will get a copy of that report when it's
3 prepared.  So will your lawyer.  So will the Government's
4 lawyer.  If you believe that anything in that report is
5 incorrect, you need to timely object to it.  The Government
6 also gets a chance to object.  The Court will resolve any
7 objections at the time of the sentencing hearing.  The Court
8 will then determine what the advisory guideline range is.
9         The Court will hear from Mr. Ashton, your lawyer,
10 on your behalf.  You'll have an opportunity to make a
11 statement.  Then the Court will hear from the Assistant
12 United States Attorney handling your case.  After hearing
13 from all those folks, the Court will determine what your
14 sentence is and announce it right here in open court.  That
15 will be the process that we'll follow in connection with your
16 case.
17         Today you'll be remanded to the custody of the
18 United States Marshal.  You will continue to have access to
19 consult with Mr. Ashton as you prepare for sentencing in your
20 case.  Ms. Jackson, is there anything else we need to take up
21 today in connection with Mr. Nunez?
22         Ms. Jackson:  Your Honor, I just want to make sure
23 it's clear that in the original documents that were filed,
24 the Government had filed the defendant under the name of
25 Fernando Michael Nunez, and his name is Miguel.

**KAY McGOVERN & ASSOCIATES**     (919) 870-1600
Suite 117, 314 West Millbrook Road     FAX 870-1603
Raleigh, North Carolina 27609-4306     (800) 255-7886

Case 5:08-cr-00262-D    Document 41    Filed 08/19/09    Page 15 of 19

1       So I believe that we filed a criminal information,
2  and then we changed the first page of the plea agreement, and
3  the defendant did sign his name correctly.  But his middle
4  name is Miguel, not Michael, and I just want to make sure
5  that all the paperwork is clear in that regard.
6       The Court:    Okay.  Mr. Ashton, do you agree with
7  that?
8       Mr. Ashton:    Yes.  We brought that to the U.S.
9  Attorney's attention, and we appreciate them complying.
10      The Court:    Okay.
11      Ms. Jackson:    Thank you, Your Honor.
12      The Court:    The Court does note that the
13 information that has been filed and the memorandum of the
14 prehearing, which reflect that the defendant's name is
15 Fernando Miguel Nunez, is both in those documents that have
16 been filed, and in documents henceforth his correct name will
17 be used.  Is there anything else in connection with Mr.
18 Nunez' case today, Mr. Ashton?
19      Mr. Ashton:    One possible thing is--it's a
20 procedural matter.  He's actually not had a detention
21 hearing, I don't believe, because he was in state custody for
22 about a year.
23      The Court:    Okay.
24      Mr. Ashton:    And we're proceeding by information
25 instead of the indictment.

**KAY McGOVERN & ASSOCIATES**  (919) 870-1600
Suite 117, 314 West Millbrook Road  FAX 870-1603
Raleigh, North Carolina  27609-4306  (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 16 of 19

1       The Court:     Okay.
2       Mr. Ashton:    And there is a report that was
3  generated by---
4       The Court:     (interposing) Right.
5       Mr. Ashton:    ---the detention office.
6       The Court:     Do you want to be heard on the issue
7  of custody?
8       Mr. Ashton:    The only change is he does have an
9  address in Durham that he did not have when he met with the
10 probation officer a couple weeks ago for a possible
11 residence.  But I've discussed it with him, and I do not
12 anticipate the report would change the recommendation of the
13 probation officer regarding being detained.  We would not
14 pursue that at this time.
15      The Court:     Okay.  Does the Government want to
16 be heard on the issue of detention?
17      Ms. Jackson:   Yes.  We would just contend that
18 he's a risk of flight and a danger to the community for the
19 reasons set forth in the report, including the fact that he
20 has two violent prior criminal convictions under enforcement
21 presumption in this case, And that now that he's pled guilty
22 to this mandatory minimum sentence, we would ask that he be
23 detained in the Fed for all the other reasons that are set
24 forth in the report.
25      The Court:     Well, the Court, having fully

**KAY McGOVERN & ASSOCIATES**           (919) 870-1600
Suite 117, 314 West Millbrook Road      FAX 870-1603
Raleigh, North Carolina  27609-4306     (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 17 of 19

1  considered the matter under 18 U.S.C. Section 3143, including
2  considering the materials in the report, does find that Mr.
3  Nunez is both a risk of flight and a danger to the community.
4  The report will be amended to reflect the address in Durham,
5  and I'm sure that will be in the presentence report as well,
6  the address in Durham.
7           But again, having considered the matter, Mr. Nunez
8  will be remanded to the custody of the United States Marshal.
9  He will continue to have access to consult Mr. Ashton as you
10 prepare for sentencing in your case.  Mr. Ashton, is there
11 anything else?
12          Mr. Ashton:    No, sir.  Thank you.
13          The Court:    Anything else from the Government?
14          Ms. Jackson:   No.  Thank you, Your Honor.
15          The Court:    Thank you, Ms. Jackson.  Thank you,
16 Mr. Ashton.  That will conclude the matter involving Mr.
17 Nunez this morning.  The court will be in recess until 9:00
18 a.m. tomorrow.
19          (The hearing was closed at 11:53 a.m.)

**KAY McGOVERN & ASSOCIATES**                    **(919) 870-1600**
Suite 117, 314 West Millbrook Road                FAX 870-1603
Raleigh, North Carolina  27609-4306              (800) 255-7886

Case 5:08-cr-00262-D    Document 41    Filed 08/19/09    Page 18 of 19

# **C E R T I F I C A T E**

I, Alexandra Hartman, Notary Public-Reporter, do hereby certify that the foregoing proceedings were taken by me and transcribed by me and that the foregoing pages 3 through 18 constitute a true and correct transcript of the proceedings to the best of my ability.

In witness whereof, I have hereunto set my hand, this 19th day of August, 2009.


        /s/ Alexandra Hartman

        Alexandra Hartman, CVR

**KAY McGOVERN & ASSOCIATES** **(919) 870-1600**
Suite 117, 314 West Millbrook Road FAX 870-1603
Raleigh, North Carolina 27609-4306 (800) 255-7886

Case 5:08-cr-00262-D   Document 41   Filed 08/19/09   Page 19 of 19