IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-262-D
No. 5:11-CV-193-D

| | | |
|---|---|---|
| FERNANDO MIGUEL NUNEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 20, 2011, Fernando Miguel Nunez moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [D.E. 47]. On August 16, 2011, the government moved to dismiss Nunez's section 2255 motion [D.E. 53]. On September 28, 2011, Nunez responded in opposition to the government's motion [D.E. 58]. On August 19, 2013, Nunez moved for leave to file a supplemental memorandum [D.E. 60]. On January 16, 2014, Nunez filed a motion requesting a copy of evidence used against him at sentencing [D.E. 63]. As explained below, the court grants Nunez's motion for leave to file a supplemental memorandum and considers his new arguments, grants the government's motion to dismiss, dismisses Nunez's section 2255 motion, and denies Nunez's request for sentencing evidence.

On October 6, 2008, Nunez pleaded guilty, pursuant to a plea agreement [D.E. 17], to possessing with the intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). See [D.E. 14, 15]; Arraignment Tr. [D.E. 41] 12. On May 19, 2009, at Nunez's sentencing hearing, the court calculated Nunez's total offense level to be 36, and his criminal-history category to be V, yielding an advisory guideline range of 292 to 365 months' imprisonment.

Sentencing Tr. [D.E. 40] 66. After considering the factors in 18 U.S.C. § 3553(a), the arguments of counsel, and the entire record, the court sentenced Nunez to 365 months' imprisonment. [D.E. 32]; see Sentencing Tr. 84. Nunez appealed both his conviction and sentence. On September 20, 2010, the Fourth Circuit affirmed his conviction and found that Nunez had waived the right to appeal his sentence. See United States v. Nunez, 396 F. App'x 45, 46 (4th Cir. 2010) (per curiam) (unpublished). Ninety days later, on December 19, 2010, Nunez's time to file a certiorari petition expired, and his judgment of conviction became final. See Clay v. United States, 537 U.S. 522, 525 (2003).

Nunez makes three claims in support of his request that this court vacate, set aside, or correct his sentence. First, he contests the court's calculation of his advisory guideline range. See Pet'r's Mem. Supp. Mot. [D.E. 48] 7–13. Second, he claims he was denied his Sixth Amendment right to effective assistance of counsel. See id. 5. Third, he claims that, under Alleyne v. United States, 133 S. Ct. 2151 (2013), he was denied his Sixth Amendment right to a jury trial concerning the drug weight that the court found applicable at sentencing. See id. 10–11; [D.E. 60]. In response, the government moves to dismiss Nunez's section 2255 motion for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678.

2

Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Moreover, in evaluating Nunez's claims, the court must accept his factual allegations as true, except to the extent those allegations contradict his prior sworn statements to the court. See United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any [section] 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Nunez first argues that the court improperly calculated his advisory guideline range at sentencing. In particular, Nunez argues that he should not have received a two-level increase for obstruction of justice and that he should have received a three-level reduction for acceptance of responsibility. See Pet'r's Mem. Supp. Mot. 7–13.[1] The government responds that the court should enforce the appellate waiver in Nunez's plea agreement and dismiss these arguments. See Gov't's Mem. Supp. Mot. Dismiss [D.E. 54] 2–3. In his plea agreement, Nunez agreed "to waive all rights

---

[1] Nunez also argues that he should not have received a four-level enhancement for his role in the offense, and that the court should not have varied upward from his advisory guideline range. See Pet'r's Mem. Supp. Mot. 14–19. Nunez, however, did not receive an enhancement for his role in the offense, and the court did not vary upward from Nunez's advisory guideline range. See Presentence Investigation Report ¶ 37; Sentencing Tr. 83–84. Thus, these arguments fail.

3

to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [his] right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to [him] at the time of [his] guilty plea." [D.E. 17] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). At his Rule 11 hearing, Nunez affirmed that he had read and discussed his plea agreement with his lawyer, and after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up through the waiver. Arraignment Tr. 8–9. Thus, Nunez's waiver was valid. Moreover, in his waiver, Nunez reserved only the right "to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Thus, the claims Nunez raises about the calculation of his advisory guideline range are within the scope of his appellate waiver, and are dismissed. Cf. Nunez, 396 F. App'x at 46 (enforcing the appellate waiver on direct appeal).

Nunez next argues that he was denied his Sixth Amendment right to effective assistance of counsel. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam)

4

(quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The individual also must show that counsel's deficient performance caused him prejudice; that is, by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Nunez claims that his counsel did not sufficiently contest the evidence introduced at Nunez's sentencing hearing. See Pet'r's Mem. Supp. Mot. 5. In particular, Nunez wishes that his counsel had more effectively discredited the testimony of Lewis C. Allen, and had more effectively questioned the authenticity of a letter in which Nunez purportedly provided information to Allen so that Allen could murder someone on Nunez's behalf. See id. Nunez's counsel, however, vigorously cross-examined Allen, both as to Allen's credibility and as to the authenticity of the letter, and argued those issues to the court. See Sentencing Tr. 45–60. Nunez has not identified any aspect of his counsel's

5

performance that could be considered objectively unreasonable. Thus, he has failed to state a claim for ineffective assistance of counsel.

Finally, Nunez argues that, under Alleyne v. United States, 133 S. Ct. 2151 (2013), he was denied his Sixth Amendment right to a jury trial concerning the specific drug weight that the court found applicable at sentencing. Alleyne does not help Nunez because Alleyne does not apply retroactively on collateral review. See, e.g., United States v. Galindez, No. 13-4249, 2014 WL 594329, at *1 n.2 (3d Cir. Feb. 18, 2014) (per curiam) (unpublished); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91-92 (2d Cir. 2013) (per curiam); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). In any event, even if Alleyne did apply retroactively, it would not help Nunez. Nunez pleaded guilty to possessing with the intent to distribute more than 100 kilograms of marijuana. See [D.E. 14, 15]; Arraignment Tr. 12. Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Richmond, No. 13-4705, 2014 WL 818936, at *1 (4th Cir. Mar. 4, 2014) (per curiam) (unpublished); United States v. Doe, 741 F.3d 217, 233-34 (1st Cir. 2013); United States v. Mason, No. 12-4934, 2013 WL 6172545, at *1 (4th Cir. Nov. 26, 2013) (per curiam) (unpublished); United States v. Gibbs, No. 12-4743, 2013 WL 6098419, at *9 n.4 (4th Cir. Nov. 21, 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583-84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707-08 (7th Cir. 2013); United States v. Wesley, 534 F. App'x 211, 212 n.* (4th Cir. 2013) (per curiam) (unpublished).

After reviewing the claims presented in Nunez's motion, the court determines that reasonable jurists would not find the court's treatment of any of Nunez's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS Nunez's motion for leave to file a supplemental memorandum [D.E. 60] and considers the additional arguments, GRANTS the government's motion to dismiss [D.E. 53], DISMISSES Nunez's section 2255 motion [D.E. 47], and DENIES Nunez's motion for sentencing evidence [D.E. 63]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This **24** day of March 2014.

JAMES C. DEVER III
Chief United States District Judge