IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-262-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FERNANDO MIGUEL NUNEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On October 6, 2008, pursuant to a written plea agreement, Fernando Miguel Nunez ("Nunez") pleaded guilty to possession with the intent to distribute in excess of 100 kilograms of marijuana. See [D.E. 15, 17, 41]. On May 19, 2009, the court held Nunez's sentencing hearing. See [D.E. 29, 32, 40]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"), ruled on Nunez's objections, increased Nunez's advisory guideline range due to obstruction of justice, and declined to give Nunez a reduction for acceptance of responsibility. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 40] 3–66. The court calculated Nunez's total offense level to be 36, his criminal history category to be V, and his advisory guideline range to be 292 to 365 months' imprisonment. See Sentencing Tr. at 3–66. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Nunez to 365 months' imprisonment. See id. at 67–87; [D.E. 29, 32]. Nunez appealed. On September 20, 2010, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Nunez, 396 F. App'x 45, 45–46 (4th Cir. 2010) (per curiam) (unpublished).

On November 17, 2014, Nunez moved (pro se) for a sentence reduction. See [D.E. 77]. On May 8, 2015, Nunez moved (pro se) to supplement his motion for a sentence reduction. See [D.E. 80]. On January 28, 2016, Nunez moved (through counsel) for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 86]. On February 10, 2016, the government responded. See [D.E. 88]. Nunez's new advisory guideline range is 235 to 293 months' imprisonment, based on a total offense level of 34 and a criminal history category of V. See Resentencing Report. Nunez requests a 293-month sentence. See id.; [D.E. 86].

The court has discretion under Amendment 782 to reduce Nunez's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Nunez's sentence, the court finds that Nunez engaged in serious criminal behavior, including an attempt to orchestrate the deaths of three people. See PSR ¶¶ 5–8; Sentencing Tr. at 3–66. Moreover, Nunez is a violent recidivist, a validated gang member, and has convictions for assault by means likely to produce great bodily injury, terrorist threats, and possession of a firearm by a felon. See PSR ¶¶ 11–14. Nunez also has performed poorly on supervision and has essentially no work history. See id. ¶¶ 12, 17, 30–31. Nunez has taken some positive steps while incarcerated on his federal sentence, but he has sustained a disciplinary infraction for fighting with another person. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Nunez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

2

§ 3553(a). Further reducing Nunez's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Nunez's motions for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Nunez's motions for reduction of sentence [D.E. 77, 80, 86].

SO ORDERED. This 31 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge